UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAELA LEA TYLER,<br><br>Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:23-cv-2720-JDP (SS)<br><br>ORDER |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 10 & 12. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On March 26, 2021, plaintiff filed an application for a period of disability and DIB, alleging disability beginning February 27, 2021. Administrative Record ("AR") 265-68. After her application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 37-68, 183-87, 189-93. On October 21, 2022, the ALJ issued a decision finding that plaintiff was not disabled. AR 21-31. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2025.

2. The claimant has not engaged in substantial gainful activity since February 27, 2021, the alleged onset date.

\* \* \*

3. The claimant has the following severe impairments: autism spectrum disorder, anxiety disorder, depression, PTSD, and rule out hair pulling disorder.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited simple, routine tasks with no production rate or pace work, meaning work in which the employee cannot control the speed of the work. The claimant can have occasional interaction with coworkers and the general public. The claimant can do work that does not require frequent verbal communication.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1990 and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 27, 2021, through the date of this decision.

AR 23-31 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 6-12. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff's sole argument is that the ALJ impermissibly rejected her subjective symptom testimony. ECF No. 10 at 4. In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At her hearing, plaintiff testified that she suffered from anxiety, depression, and difficulty maintaining focus. ECF No. 9-1 at 53. As for focus, she testified that, during her previous work, she was off task approximately twenty-five to fifty percent of the time. *Id.* at 59. Plaintiff stated that her depression was so severe that, at least once per week, it was impossible to get out of bed. *Id.* at 53. She also claimed that her anxiety made it difficult to be around people, to conduct phone calls, and to speak with others generally. *Id.* at 54-55. In his decision, the ALJ rejected plaintiff's subjective testimony as inconsistent with the record evidence, including her medical files. *Id.* at 31. In so doing, he articulated three reasons.

1    First, the ALJ stated that "[t]he medical evidence showed consistent treatment of her mental impairments that was conservative in nature." *Id.* This reason for discounting her testimony is insufficiently supported. As an initial matter, the ALJ failed to cite any portion of the record demonstrating that plaintiff's treatment was "conservative." *See Gilliland v. Saul*, 821 F. App'x 798, 799 (9th Cir. 2020) (ALJ erred in discounting treatment as conservative, but failing to point to any corroborative medical evidence). Neither does he cite any portion of the record that indicates that additional, more intensive treatments were available. *See Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist."). And, as plaintiff points out, she was prescribed psychotropic medication for her mental health issues. ECF No. 9-1 at 562 (prescribed Abilify), 581 (prescribed Buspar), 757 (prescribed Escitalopram). Courts in this circuit have recognized that the prescription of psychotropic medications is not indicative of conservative treatment. *See Green v. Berryhill*, No.: 2:17-cv-01339-APG-NJK, 2018 U.S. Dist. LEXIS 152868, *13 (D. Nev. Aug. 20, 2018) ("The Ninth Circuit and other courts have recognized within the context of mental health conditions that the prescription of psychiatric medications is not indicative of conservative treatment.").

Second, the ALJ found that plaintiff's daily activities were inconsistent with her subjective symptom testimony. He noted that she could make simple meals, shop during times when crowds were limited, use public transportation, drive, and communicate with others via text, video chat, and phone call. ECF No. 9-1 at 31. As plaintiff argues in her motion, the ALJ failed to connect these basic activities to her ability to work. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination.") (quotation marks omitted) (alteration in original). And the Ninth Circuit has cautioned that an ability to carry on basic activities of life, like the ones described here, does not automatically detract from her credibility. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any

1  way detract from her credibility as to her overall disability."). Accordingly, the ALJ erred in
2  discounting plaintiff's testimony based on these basic activities.

3  Finally, the ALJ discounted plaintiff's subjective symptom testimony as inconsistent with
4  medical findings. ECF No. 9-1 at 31. He noted that, after plaintiff was diagnosed with autism, she
5  told a provider that she could not work because she was applying for disability based on that new
6  diagnosis. *Id.* at 724. Plaintiff told this same provider that she was having a difficult time not
7  working, and the provider questioned her motivation and willingness to participate in therapy. *Id.*
8  These statements were insufficient to reject her testimony. The provider report in question broadly
9  supports her testimony as to her symptoms. It states that her mood during the session was
10 distracted and dysthymic. *Id.* Other medical records from that period also note such negative
11 moods and feelings of abandonment, depression, and a lack of mental health improvement in her
12 therapy. *Id.* at 731. "An ALJ may not cherry-pick evidence to support the conclusion that a
13 claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability
14 determination." *Williams v. Colvin,* No. 14-cv-2146-PLA, 2015 U.S. Dist. LEXIS 96428, at *17
15 (C.D. Cal. July 23, 2015). And a claimant should not be penalized for expressing a desire to work.
16 *See Brian D. v. Comm'r SSA*, No. 3:18-cv-02061-IM, 2020 U.S. Dist. LEXIS 57330, *16 (D. Or.
17 Mar. 30, 2020) ("[A]s the Ninth Circuit has long rejected penalizing claimants for attempting
18 employment, Plaintiff's comment that he would love to work should not be used against him.").

19 Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony
20 absent clear and convincing reasons. Accordingly, the matter must be remanded for further
21 proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may
22 reverse the decision of the Commissioner of Social Security, with or without remanding the case
23 for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for
24 additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v.*
25 *Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal
26 error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the
27 agency.").

28

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 12, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:   March 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE